Per Curiam,

It is very clear, from the facts of this case and the finding of the jury, that the money obtained by the defendant from Yates & MTntyre, as the proceeds of the prize, was money had and received by him for the use of the plaintiff. It was obtained by him as the money of Kane, and so it was treated by the parties. Kane was evidently the owner of the ticket antecedently to the drawing of the lottery, and after the ticket was declared a prize. As the agent of Kane, the defendant undertook to convert the prize into money, and having succeeded in that undertaking, Kane loaned to him 10,000 dollars, being a part of the proceeds of the prize. Whatever there was of illegality in the transaction, as to the sale or purchase of the ticket, was perfectly past at the time of the transaction between the defendant and Kane.
The consideration of the new contract was wholly independent of the sale of the ticket, and in no way connected with that transaction, except that Kane obtained the money loaned to the defendant from that source. This action may, therefore, be maintained, without affirming the illegal transaction; and although Kane could not, perhaps, have enforced his claims for the prize against the managers, yet, having obtained the money for it, a borrower of that money cannot set up the illegal act of Kane in obtaining it, as a legal reason for not repaying the sum borrowed.
The defendant, after he had closed the whole transaction as to the sale of the ticket, and the collecting of its proceeds, borrowed a sum of money of Kane, for which he gave his notes. These notes are evidence of a new contract, arising subsequently to the the illegal transactions connected with the ticket. They remain unpaid. The plaintiff brings them into court, surrenders them up, and demands a repayment of the money loaned. His claim does not rest upon the transaction connected with the ticket, but upon a mere loan of money.
The money borrowed by the defendant, it is true, was at one time, incidently connected with a sale of a ticket in a lottery, unauthorized by the laws of this state, because it was the produce of that ticket. Kane and the defendant may have been liable to an indictment for a violation of the lottery act, and their conduct, *530 in relation to the sale and purchase of the ticket, may have been entirely illegal. But it is too much to say, that the defendant can resist this claim upon the ground that Kane had violated the laws by the purchase of a ticket, and that, therefore, he is exonerated from the repayment of the money borrowed, because it was at one time the fruit of an unlawful transaction.
We are satisfied that this defence cannot be maintained, and the motion for a new trial must therefore be denied.

Motion for a new trial denied.

[E. Anthon, Att’y for the plff. P. A. Jay. Att'y for the deft.]